## GAAR, SCOTT & COMPANY v. R. T. BURGE ET AL.

### Decided March 21, 1908.

**1.—Appeal—Assignment—Insufficient Statement.**

When an assignment of error is based on the sufficiency or insufficiency of the evidence to support a proposition, the evidence should be set out in the brief. An Appellate Court is not required to examine the record to ascertain what evidence it contains bearing on the question.

**2.—Homestead—Abandonment—Offer to Sell, as Evidence.**

An intention to sell the homestead, and efforts in that direction, and an intention to remove from it in case a sale is made, may co-exist with an intention to remain and continue to occupy the homestead unless such sale is made, and in such case there is no abandonment arising from the mere intention and effort to sell.

**3.—Same—Rights of Creditors.**

Creditors have no interest in their debtor's homestead as long as it is, in fact, his homestead, and hence cannot complain of a gift of the same by an insolvent debtor to his wife. The right to make such conveyance as against creditors must be determined by the status of the property at the time of conveyance; if, in fact, the homestead at that time, neither the purpose for which it was so conveyed nor any subsequent disposition of it by her or her husband will subject it or the proceeds from its sale to the payment of the husband's

debts. Evidence considered, and held to support a finding by a jury that the homestead had not been abandoned by the husband at the time he conveyed it to his wife.

### 4.—Same—Removal to Another State, Effect.

The mere removal of a husband and wife from this to another State, with intention to return and occupy the old home, will not forfeit a homestead right once acquired in this State.

### 5.—Homestead—Corporate Property.

One who conveys property to a corporation can acquire no homestead rights in such property as against the creditors of the same, even though he was the sole owner of the stock of the corporation.

### 6.—Homestead—Abandonment—Burden of Proof.

The burden of proof is upon an attaching creditor to show that property once the homestead had been so abandoned as to render it subject to the payment of the husband's debts.

### 7.—Same—Circumstantial Evidence—Charge.

The issue being whether or not a homestead had been so abandoned as to subject it to the payment of the husband's debts, a charge that the proof of abandonment "may be made by the plaintiffs by facts or circumstances or by circumstances alone if in your opinion the same are sufficiently strong and cogent to show that at the time said defendant removed from said premises he did so with the intention of not returning thereon as his homestead," was not subject to the objection that the expression "sufficiently strong and cogent, etc.," required greater certainty in the proof than was required by law.

### 8.—Same—Declarations.

Declarations of the wife as to the intention of her husband and herself to return to the homestead made at the time of removal, are competent evidence on the issue of abandonment.

### 9.—Same—Proof—No New Home.

When no new home has been acquired, proof of abandonment of the old home must be undeniably clear and beyond almost the shadow of reasonable ground of dispute.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Crook, da Ponte & Lawhon,* for appellants.—The husband, as the head of the family, has the power to abandon the homestead, and when the wife voluntarily leaves her homestead with her husband, and makes her home in a foreign state, the homestead right is lost. Smith v. Uzzell, 56 Texas, 316; Burcham v. Gann, 1 Posey, 342; Harmsen v. Wesche, 32 S. W., 192.

Burge's repeated attempts to sell the land in controversy, under the undisputed evidence and facts of this case, show conclusively that he had abandoned the premises as his home prior to the accrual of plaintiff's rights. Sanders v. Sheran, 66 Texas, 657; Portwood v. Newberry, 79 Texas, 338; Woolfolk v. Ricketts, 48 Texas, 29.

A homestead may be lost by abandonment without the acquisition of a new one, and without the consent of the wife. Reece v. Renfro, 68 Texas, 194; St. Louis Brewing Assn. v. Walker, 23 Texas Civ. App., 6.

While it is true that a creditor can not complain of a debtor's disposition of exempt property, still, if the conveyance, as between the parties, was not made with intent to pass title, but for the purpose of giving apparent right only for the purpose of protecting the property from the claims of the vendor's creditors after he should cease to use it for the purpose that gave it exemption, then it becomes subject to the payment of his debts when the exemption ceases. Baines v. Baker, 60 Texas, 139; Rives v. Stephens, 28 S. W., 707; Kettleschlager v. Ferricke, 81 N. W., 889; Taylor v. Ferguson, 87 Texas, 1; Lynch v. McGown, 88 S. W., 894; White v. Epperson, 32 Texas Civ. App., 162.

*W. D. Gordon,* for appellee.—It was incumbent upon the appellant to prove that prior to the execution and delivery of the deed to Mrs. Burge, June 20, 1906, the home had been abandoned with the intention not to return, and there being no evidence thereof at the time this deed was made, the title passed to Mrs. Burge as her separate property and could not thereafter be affected to her detriment by Burge or his creditors. Cantine v. Dennis, 37 S. W., 187; Gouhenant v. Cockrell, 20 Texas, 98; Sanders v. Sheran, 66 Texas, 655; Cline v. Upton, 56 Texas, 323; O'Brien v. Woeltz, 94 Texas, 152; McMillan v. Warner, 38 Texas, 411; 21 "Cyc." 603, and cases cited, and 594.

REESE, ASSOCIATE JUSTICE.—Gaar, Scott, & Co. sued R. T. Burge, in the District Court, on December 7, 1906, to recover the amount due upon certain promissory notes amounting, in the aggregate, to about $3800. J. E. Broussard was also sued as joint maker of certain of the notes. An attachment was sued out and levied upon certain real estate in Jefferson County as the property of Burge. This property, the title to which had originally stood in the name of R. T. Burge, had been conveyed by Burge to E. E. Burge, his wife, on June 20, 1906. This conveyance was without valuable consideration. Afterwards, on November 9, 1906, Mrs. Burge, joined by her husband, conveyed the property to J. M. Gober, who was also made a party to the suit, for a recited cash consideration of $2200 and notes for $4000, which had been deposited with A. L. Williams and the Gulf National Bank, who were, by preliminary injunction, restrained from disposing of the same pending the suit.

Plaintiffs pleaded that the conveyance of Burge to his wife was in fraud of his creditors, including plaintiffs, and that the conveyance by Mrs. Burge to Gober was a simulated transfer and not intended to pass the beneficial title to Gober, but to enable Burge to borrow money on the notes.

Broussard answered admitting his liability, that he was an accommodation maker, and prayed judgment over against Burge. Williams and the Bank brought the notes into court to abide the decision of the court. Gober, and Burge and wife pleaded general denial, and Burge and wife further pleaded that the real estate upon which the writ of attachment had been levied was their homestead.

By supplemental petition plaintiffs denied that the property was

the homestead of Burge and wife, or the separate property of Mrs. Burge, and alleged that the conveyance to her was in fraud of the creditors of Burge. It was further alleged that if the property was the homestead of Burge at the time of his conveyance to his wife such conveyance was a pretended conveyance and made for the purpose of protecting the property from the claim of his creditors after he should have abandoned it as a homestead.

Upon trial with a jury there was a verdict against Burge and Broussard for the amount due upon the notes, and in favor of Broussard against Burge. The jury found in favor of Burge and wife upon their claim of homestead. Judgment was rendered on the verdict and from the order overruling plaintiff's motion for a new trial this appeal is prosecuted.

The only questions presented upon the appeal relate to the issue as to whether the property in question was subject to the writ of attachment, or exempt as the homestead of Burge and wife. Involved in this issue are the conveyance of Burge to his wife, and the conveyance to Gober, and whether the property, confessedly the homestead of Burge prior to May, 1906, had been abandoned as such by his removal to New Mexico during that month.

The following facts are undisputed: The land in controversy, the title to which was in R. T. Burge, was, prior to the removal in May, 1906, occupied by Burge and wife as their homestead. Some time in May, Burge and wife removed to Roswell, New Mexico, taking with them substantially all of their household effects. Prior to such removal Burge, who had been extensively engaged in rice farming in Jefferson County, disposed of all of his business and property connected therewith. He was heavily indebted at the time to appellants and others and largely insolvent. On June 20, 1906, he conveyed the property in question to his wife. The conveyance was voluntary and without consideration. A short time prior to this conveyance Burge had spoken of selling the property but had made no definite effort in that direction, but on June 25 thereafter he did place the property in the hands of real estate agents for sale. On November 9, 1906, Mrs. Burge, joined by her husband, conveyed the property to J. M. Gober, the deed reciting a cash payment of $2200, and for the balance of the consideration the execution of four notes for $1000 each by Gober. This cash was not in fact paid, and the conveyance was not intended to vest the absolute title in Gober, but to enable Burge to borrow money on the notes, which he needed for the payment of certain debts, and for household and other necessary expenses. The notes were deposited with Williams and the Gulf National Bank for this purpose. The removal to New Mexico was made under the advice of a physician for the benefit of Burge's health. They remained in New Mexico until after the levy of the attachment. They acquired no other homestead in New Mexico. The attachment was levied some time in December, 1906, the exact date not being shown.

Whether this removal was intended to be permanent, and so an abandonment of the Texas homestead, or, if not, whether such intention was formed after such removal and prior to the conveyance to Mrs. Burge, and whether the conveyance to her was a mere simulated

transfer of the paper title and made to protect the property from the claims of Burge's creditors, were the issues upon which the trial turned.

The jury having found in favor of appellees upon these issues, in support of the verdict we find that the evidence is sufficient to authorize the following conclusions of fact: `

The conveyance from R. T. Burge to his wife of June 20, 1906, was not a simulated transaction, but was intended as an absolute conveyance of both the legal and beneficial title to the property.

When Burge moved to New Mexico in May, 1906, it was intended by him and Mrs. Burge that such removal would be only temporary and it was with the intention to return to Texas and reoccupy the homestead which they had left. This removal was made for the benefit of Burge's health. At the time of the conveyance to Mrs. Burge, and previous thereto, Burge and wife intended to return to their home and residence in Jefferson County, and there has been no change in such intention.

By their first assignment of error appellants assail the verdict and judgment as being unsupported by the evidence. The burden of proof was upon appellants to show an abandonment of the homestead once acquired. (Graves v. Campbell, 74 Texas, 579.) The testimony on this point for appellees Burge and wife was positive that the removal to New Mexico was for the benefit of Burge's health under the advice of his physician, that they expected and intended to remain there for some time, perhaps as long as five years. Before they left Mrs. Burge made this statement to Mrs. Gober. Burge and wife testified that there had been a promise made by him some time previous to any thought of a removal to New Mexico that he would deed this homestead to Mrs. Burge so as to secure her in a home, at all events. That it was thought necessary in November, after the conveyance to Mrs. Burge in June, and six months after the removal to New Mexico, and more than a month before the institution of this suit and the accrual of appellants' rights under the levy of the attachment, to resort to the simulated conveyance to Gober in order to enable Burge to borrow money on the property, is strongly corroborative of appellees' claim that it was then their homestead, otherwise there would have been no necessity to resort to this subterfuge. They had acquired no other homestead.

On the other hand, there was evidence that in November, 1906, Burge was trying to sell the property for the purpose of investing the proceeds in New Mexico, and that he stated then that he intended making his home there; that he stated to Broussard that he had bought a place out there and had moved or intended to move to Roswell. On June 25, 1906, Burge wrote to Smelker, a real estate agent at Beaumont, stating that, since consulting with his wife, they had about decided to offer their home for sale provided they could get what it was worth, and asking Smelker to see what he could do. About two weeks or a month previous to this Burge had spoken to Smelker about a sale of the property. There was evidence that after the conveyance to Gober he offered to sell the property for $6000.

It is claimed by appellants in their brief that the testimony of Burge on cross-examination showed that after he moved to New Mexico

he caused the Hidalgo Land & Live Stock Company to be organized and a tract of land of 100 acres and a fine brick house to be conveyed to it, into which Burge moved about September 1, 1906, and that no one but Burge was shown to own any interest in the corporation. It is further contended that the contradictions and evasions of Burge in his testimony wholly discredit him, and we are asked to examine the seventy pages of the record containing his testimony in support of this statement. This we are not required and will not undertake to do.

In so far as the acquisition of a new homestead in New Mexico is concerned, there is no evidence to raise that issue. All of the evidence upon that point is that the property was conveyed to a corporation organized by Burge, and of whose capital stock he was the principal if not the only owner. This is the limit of appellants' contention. If this be true, Burge could not claim any homestead rights in the property as against the creditors of the corporation under any circumstances, and their whole claim of the acquisition of this property as a homestead, as affecting the question of the abandonment of the homestead in Texas, falls to the ground. The only direct offers to sell that were proven, were made after the date of the deed to Mrs. Burge, and if they evidenced an intention to abandon the homestead at that time, could not affect her rights except in so far as they also evidenced an intention of abandonment existing prior to and at the time of the conveyance to her. Indeed, an intention to sell the homestead and efforts in that direction and an intention to remove from it in case a sale is made may coexist with an intention to remain and continue to occupy the homestead, unless such sale is made, and in such case there is no abandonment arising from the mere intention and effort to sell.

The case must be ruled by the status of the homestead claim at the time of the conveyance to Mrs. Burge. If, at that time, the conditions were such that Burge had not lost his homestead right by abandonment, then his creditors had no interest in the property, and no disposition that he made of it could be in fraud of their rights. So far as they are concerned, the law left him absolutely free to make such disposition of the property as he saw fit. If the intention to return to Texas and take up their residence in the old home remained until the conveyance to Mrs. Burge, that conveyance must stand, and any subsequent change in intention would not affect the status of the property as her separate estate, and so, not subject to the debts of her husband. Evidence of such subsequent intention would be valuable only as tending to show that the intention not to return existed prior to, and at the time of, such conveyance.

Applying these principles of law to the evidence it can not be said that the verdict is unsupported by the evidence. The most that can be said for appellants' view of the evidence is that it would have supported a contrary verdict. The first assignment of error is therefore overruled. (Shepherd v. Cassiday, 20 Texas, 29; Scott v. Dyer, 60 Texas, 139; Rollins v. O'Farrel, 77 Texas, 95; Sanders v. Sheron, 66 Texas, 655; Thomas v. Williams, 50 Texas, 274.)

It is contended by appellants under their second assignment, that

the removal of Burge and wife to a foreign State and becoming citizens there was an abandonment of the Texas homestead, and the case of Smith v. Uzzell (56 Texas, 316) is cited in support of the proposition. In this case, quoting from the opinion in Jordan v. Godman (19 Texas, 273), the court says: "It can not be doubted that by removing and changing her domicile from this to another State the wife relinquished any right of homestead which she might have retained had she continued an inhabitant of this State. Her removal from this State is inconsistent with any right remaining to her former homestead and effectually precludes her from afterwards asserting such right." The facts of that case, however, as well as those in Jordan v. Godman, and in Trawick v. Harris (8 Texas, 315), show that the decisions rested, not upon the naked fact that the removal had been to another State, but upon facts showing an abandonment of the Texas homestead. We think it has never been held, and we are not willing to hold now, that a removal to another State intended to be only temporary, and accompanied at all times during such temporary absence by the intention to return and re-occupy the old home, will forfeit a homestead right once enjoyed in this State. The cases cited use the terms "domiciliated in a foreign State," which in itself carries with it the idea that the residence in such foreign State is intended to be permanent, with no intention of returning to the former residence in this State. (Century Dictionary, "Domicile;" Holliman v. Preebles, 1 Texas, 689; Hardy v. DeLeon, 5 Texas, 235; Lumpkin v. Nicholson, 10 Texas Civ. App., 108.) If Burge, at the time of the removal to New Mexico, had the intention to return to Texas, and such intention continued, he can not be said to have become domiciliated in the foreign State. The second assignment of error is overruled.

The evidence does not show that Burge actually offered his home for sale prior to the conveyance to his wife, and if it did, this would not show conclusively an absolute intention to abandon his homestead. (Shepherd v. Cassiday, 20 Texas, 30.) And this would be true notwithstanding such intention was coupled with an intention not to invest the proceeds in another home. The third assignment presenting the question is overruled.

Not only does the undisputed proof not show that Burge had acquired another homestead in New Mexico, but, on the contrary, it was not sufficient to raise that issue. Whether Burge's testimony be taken as true, or partly true and partly false, or as wholly false, there was no evidence of the acquisition of such homestead. This disposes of the fourth and fifth assignments of error.

Appellants requested the court to charge the jury, in substance, to find for plaintiffs if they believed that Burge had abandoned the property as a homestead before the conveyance to his wife, and also to so find, if they believed that the deed was made with a view to abandoning the property as a home and for the purpose of placing it beyond the reach of his creditors after it should have been so abandoned. The refusal of this charge is made the basis of the sixth assignment of error. The proposition embodied in the first paragraph of the requested charge was fully covered by the court's charge. The

proposition embraced in the second paragraph is not sound. If the property had not been abandoned as a homestead at the time of the conveyance to Mrs. Burge, no intention to abandon it in the future would affect that conveyance or render it fraudulent as to Burge's creditors. The proposition under the assignment presents an entirely different issue from that embraced in the assignment and one which was clearly and fully covered by the charge of the court. There is no merit in the assignment.

There was no error, certainly no affirmative error, in the charge complained of in the seventh assignment of error. The proposition thereunder is not supported by the charge and is an entire misconception of its meaning.

There was no error, as complained of in the eighth assignment, in instructing the jury that the removal of Burge did not, of itself, constitute an abandonment of the homestead unless it was accompanied by an intention to remain away. The charge is not upon the weight of the evidence. The charge referred to the act of removal alone as evidence of abandonment, and this part of the charge was not intended to deal with evidence of abandonment as shown by subsequent intention. The court in another part of the charge instructed the jury as to this feature of the case, and instructed them that to protect the homestead the intention to return must have persisted up to the day of the levy of the attachment, which was erroneous, but the error was favorable to appellants.

After instructing the jury that the burden of proof was upon plaintiffs to show the abandonment, which was proper, the jury was further instructed "but this proof may be made by the plaintiffs by facts and circumstances or by circumstances alone if in your opinion the same are sufficiently strong and cogent to show that at the time said defendant Burge removed from the said premises he did so with the intention of not returning thereon as his homestead." There is no merit in appellants' contention that the terms "sufficiently strong and cogent, etc.," required greater certainty in the proof than was proper. (Thomas v. Williams, *supra*.) It is also contended that the charge limits such proof to Burge's intention at the time of removal, excluding evidence of such intention between the date of removal and accrual of appellants' rights. As we have heretofore stated, the status of the property, as to the homestead claim, is to be governed by the circumstances existing at and before the conveyance to Mrs. Burge and not the levy of the attachment six months thereafter. If it can be said that under this charge the jury could not consider any evidence of abandonment after the removal and prior to the deed to Mrs. Burge, there is in the record no such evidence. If the removal was with the intention of returning, and therefore did not constitute abandonment, there is no evidence in the record, so far as we have been able to discover, certainly none has been pointed out by appellants, tending to show that such intention was changed and supplanted by an intention to abandon the property as a homestead, between the time of the removal in May and the conveyance to Mrs. Burge on June 20. It is clear to our minds that if Burge left with the intention of returning, such intention remained up to the date of the deed to Mrs. Burge, at

least, if not up to the levy of the attachment. There was no prejudicial error in the charge. What has been said disposes of the tenth and eleventh assignments of error, which are overruled.

There was no error in permitting the witness, Mrs. Gober, to testify to statement by Mrs. Burge as to the intention of Burge and herself to return, made at the time of removal. The twelfth assignment presenting the point is overruled. (Woolfolk v. Ricketts, 48 Texas, 37.)

The verdict is fully supported by the evidence. This would be true if the issue was as to abandonment of the homestead at or prior to the levy of the attachment. Abandonment of a homestead where no new homestead has been acquired must be clearly shown. (Thomas v. Williams, *supra;* Gouhenant v. Cockrell, 20 Texas, 96.) In the latter case it is said that it must be "undeniably clear, and beyond almost the shadow, at least, of all reasonable ground of dispute, that there had been a total abandonment, with an intention not to return and claim the exemption."

We find no errors requiring reversal and the judgment is affirmed.

*Affirmed.*

Writ of error refused.