HOLT et al. v. ABBY et al.

(Court of Civil Appeals of Texas. Amarillo. Nov. 4, 1911.)[1]

1. JUDGMENT (§ 747*) — CONCLUSIVENESS — MATTERS CONCLUDED.

A judgment, denying plaintiff's foreclosure of a mortgage upon defendant's plea that the land mortgaged was his homestead, is, in a later suit by plaintiff to recover such land, conclusive that the land was defendant's homestead.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 747.*]

2. EVIDENCE (§ 67*) — PRESUMPTIONS — CONTINUITY.

A definite state of facts, shown to have once existed, is presumed to continue, unless the contrary is established.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 87, 88, 103; Dec. Dig. § 67.*]

3. HOMESTEAD (§ 181*)—ACTIONS—BURDEN OF PROOF.

In trespass to try title to land which, in a previous action, had been adjudicated to be defendant's homestead, the presumption of continuity placed upon plaintiff the burden of proving that defendant had abandoned his homestead.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

4. FRAUDULENT CONVEYANCES (§ 52*) — CONVEYANCES OF HOMESTEADS.

As a homestead is not subject to the demands of the owner's creditors, a conveyance of such homestead, whether with or without consideration, and though made to defraud the owner's creditors, is valid, and will not be set aside.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 118–127; Dec. Dig. § 52.*]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Action by R. M. Holt and others against W. H. Abby and others. From a judgment for defendants, plaintiffs appeal. Affirmed.

See, also, 140 S. W. 473.

T. C. Taylor, for appellants. Knight & Slaton and Carl Gilliland, for appellees.

HALL, J. Appellants, plaintiffs in the court below, filed this suit in trespass to try title, for the recovery of certain lots in the town of Farwell, and pleaded in the alternative that, prior to June 23, 1908, appellees, W. H. Abby and wife, borrowed $500 from one of the appellants, Mrs. R. M. Holt, executing their note therefor, secured by a mortgage on the above-described property; that at said time appellees resided upon the

[1] This appeal was filed in the Court of Civil Appeals for the Second Supreme Judicial District, at Ft. Worth, January 21, 1911, and transferred to this court on July 1, 1911.

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

property, claiming the same as their homestead; that suit was thereafter filed upon said note and for foreclosure of the mortgage, and, on June 23, 1908, judgment was rendered in favor of appellants and against appellees for the amount of said note, with interest and attorney's fees, but foreclosure of the mortgage was denied, because the property was adjudged to be the homestead of appellees; that thereafter execution was issued upon said judgment, placed in the hands of the sheriff, and said property levied upon and sold on the 5th day of July, 1910, at which sale the appellant Mrs. R. M. Holt became the purchaser for the sum of $300; that, prior to the time of said sale under execution, appellees Abby and wife conveyed the property in controversy, on January 4, 1909, to appellee Charles Lacy. Said conveyance to Lacy is attacked upon the ground of fraud between appellees, alleging at the time of the conveyance, appellees Abby and wife were notoriously insolvent, and with knowledge of that fact Lacy purchased the property, with the fraudulent intent of aiding his codefendants in hindering, delaying, and defrauding their creditors. There are other facts set out in the pleading unnecessary to be stated here. Appellants submit the case to us under numerous assignments of error, which it will not be necessary to consider in detail, or recite.

[1, 2] The trial court found as facts that appellee Lacy paid Abby and wife a valuable consideration for the property, and that, "prior to the 23d day of June, 1908, the defendant W. H. Abby and his wife had occupied the said property as a resident homestead, and continued to occupy the same as such homestead until the date of the said sale to the defendant Charles Lacy." That part of the record which shows that the foreclosure mentioned above was denied appellants, because of appellee Abby's homestead plea, is res adjudicata of that question. The general rule is that a state of facts having been shown to have existed is presumed to continue, unless the contrary is made to appear. Harle v. Richards, 78 Tex. 80, 14 S. W. 257; Wood's Practice Ev. § 62; Rice on Evidence, §§ 42, 50.

[3] The only evidence in the record tending to show that Abby and wife abandoned their homestead at any time between the date of said judgment, decreeing it to be such, and the 4th day of January, 1909, at which time they sold it to Lacy, is the testimony of Lacy that Abby moved onto his New Mexico claim in 1909, but could not give the date. The effect of the presumption is to place the burden upon appellants to show an abandonment of the homestead prior to the date of the conveyance to Lacy. This they failed to do. Appellants except to the above-quoted finding of the court, but it is sustained by the presumption, the failure of appellants to rebut it, and the statement of facts.

[4] It has been frequently held in this state that there could be no fraudulent conveyance of a homestead, since a debtor's homestead is not subject to the demands of his creditors, and a conveyance thereof, whether made with or without consideration, and irrespective of the intent of the parties, cannot be set aside as fraudulent. Cameron v. Fay, 55 Tex. 58; King v. Harter, 70 Tex. 579, 8 S. W. 308; McDannell v. Ragsdale, 71 Tex. 23, 8 S. W. 625, 10 Am. St. Rep. 729; Hargadene Co. v. Whitfield, 71 Tex. 482, 9 S. W. 475; Gaar, etc., Co. v. Burge, 49 Tex. Civ. App. 599, 110 S. W. 181; Taylor v. Ferguson, 87 Tex. 1, 26 S. W. 46; Archenbold & Co. v. Evans, 11 Tex. Civ. App. 138, 32 S. W. 795. And it has been further held that a conveyance of a homestead, even though made without a consideration and with intent to defraud creditors, is valid. Heidelbach-Friedlander Co. v. Carter, 34 Tex. Civ. App. 579, 79 S. W. 346; Jolly v. Diehl, 38 Tex. Civ. App. 549, 86 S. W. 965; Wood v. Chambers, 20 Tex. 247, 70 Am. Dec. 382.

We find no reversible error in the record, and the judgment of the lower court is affirmed.