ELMENDORF v. MULLIKEN.   (No. 1230.)

(Court of Civil Appeals of Texas. El Paso. May 19, 1921.)

1. Money paid ⬦⇒8 — Complaint to recover money expended held to show consideration.

A complaint in an action by a stockbroker against another stockbroker alleging that defendant agreed with plaintiff that, if the latter would advertise certain stock in newspapers, defendant would reimburse plaintiff for all sums so expended by him, and plaintiff, relying upon such agreement, so advertised the stock and expended a certain sum, was not subject to the criticism that it failed to show a consideration for the alleged promise of defendant, or that the contract alleged, being unliquidated and uncertain as to its duration, was void for uncertainty.

2. Contracts ⬦⇒9(1)—Uncertainty immaterial after performance.

Uncertainty as to length of time stock was to be advertised under an agreement whereby defendant stipulated to reimburse plaintiff was immaterial in an action for reimbursement by plaintiff, who had expended money in advertising the stock.

3. Trial ⬦⇒260(9)—Refusal of charge not erroneous where matter covered by general charge.

Court did not err in refusing a special requested charge defining the elements of a contract where the general charge correctly covered the subject-matter of the requested charge and in a manner not objected to.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Suit by Grover Mulliken against H. F. Elmendorf. Judgment for plaintiff, and defendant appeals. Affirmed.

Dyer, Croom & Jones, of El Paso, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

HIGGINS, J. Mulliken sued Elmendorf to recover the sum of $702, alleging, in substance, that plaintiff and defendant were both engaged in the business of selling stocks and bonds; that defendant agreed with plaintiff that, if the latter would advertise the stock of the Homer-Claiborne Oil Company in the El Paso Times and El Paso Herald, the defendant would reimburse plaintiff for all sums so expended by him; that, relying upon said agreement, plaintiff did so advertise the stock from December 15, 1919, to January 15, 1920, and in so doing expended the sum of $702, which sum defendant became obligated to pay and had refused so to do. The defendant interposed a general demurrer and general denial. Verdict was returned and judgment rendered as prayed for.

[1] Error is first assigned to the action of the court in overruling the demurrer upon two grounds, viz.:

First. That the petition fails to show a consideration for the alleged promise of defendant.

Second. That the contract alleged being unlimited and uncertain as to its duration was void for uncertainty.

Neither of these objections to the petition are well taken. As to the first the petition shows that plaintiff expended the money for which he sues relying upon the defendant's promise to reimburse him. This shows a sufficient consideration for the promise. McKinney v. Rowson & Co., 146 S. W. 643; 13 Cor. Jur. subject, Contracts, art. 150, pp. 315, 316, and 317; Simpkins, Contracts and Sales (3d Ed.) p. 52; Rose v. San Antonio & Mex. Gulf Railroad Co., 31 Tex. 49; Curlin v. Hendricks, 35 Tex. 225.

[2] As to the second the petition shows performance by plaintiff, and this entitled him to recover. The uncertainty as to the length of time the stock was to be advertised becomes immaterial in view of such performance. A contract may be so uncertain that it cannot be specifically enforced in equity, but may nevertheless be the basis for a remedy at law in favor of a party who has wholly or partially performed it. 13 C. J. art. 59, p. 268; Worthington v. Beeman, 91 Fed. 232, 33 C. C. A. 475.

The advertising contract pleaded by plaintiff was terminable at the will of either party thereto, and performance under the same entitled plaintiff to reimbursement for the moneys expended by him in advertising.

[3] The remaining assignment complains of the refusal of a special charge requested by defendant defining the elements of a contract. It is practically the same charge the refusal of which was held to be error in Hubbard City C. O. & G. Co. v. Nichols, 89 S. W. 796. In that case, however, the general charge failed to instruct the jury as to the essential elements of a contract whereas in the instant case the general charge does so. It correctly covers the subject-matter of the requested charge and in a manner not objected to by appellant.

The general charge having sufficiently covered that phase of the case the refusal of the requested charge presents no error. M., K. & T. Ry. Co. v. Criswell, 103 S. W. 695; Whitney v. Tex. Cen. R. R. Co., 50 Tex. Civ.

App. 1, 110 S. W. 70; Gaar Scott Co. v. Burge et al., 49 Tex. Civ. App. 599, 110 S. W. 181.

Affirmed.

⬪For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes