## WELLS v. JAMISON.   (No. 406–3758.)

(Commission of Appeals of Texas, Section B. June 30, 1923.)

1. **Fraudulent conveyances** ⬅⟲51(1)—Statute has no application to exempt property.

Statutes which make void conveyances in fraud of creditors have no application to conveyances of exempt property.

2. **Descent and distribution** ⬅⟲90(1)—Conveyance to wife of exempt homestead property not in fraud of creditors.

Where the owner of exempt homestead property, in ignorance of his legal right of exemption, executed and had recorded a deed of conveyance to his wife, the heirs of his deceased wife could not claim partition of the estate and defeat his legal title on the ground that the conveyance was in fraud of creditors; Rev. St. arts. 2966, 3967, relating to fraudulent conveyances, having no application to exempt homestead property.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Mittie Jamison against Lee K. Wells and others. Judgment for defendants was reversed and rendered in part and in part affirmed by the Court of Civil Appeals (236 S. W. 806); and defendant Wells brings error. Judgment of the Court of Civil reversed, and that of the district court affirmed.

Leonard Brown, of San Antonio, for plaintiff in error.

Douglas & Carter, of San Antonio, for defendant in error.

McCLENDON, P. J. As presented in the Supreme Court, this case involves the title to a one-half undivided interest in two lots in San Antonio which were the homestead of Lee K. Wells, defendant below, and his deceased wife, Emma Wells. The suit was brought by Mittie Jamison, a sister and the

only heir at law (with the exception of Lee K. Wells) of Emma Wells, for partition of the two lots. Other property was involved in this suit, but since the judgment of the Court of Civil Appeals in that regard is not sought to be reviewed, no further notice thereof need be taken.

Plaintiff's claim to a half interest in the homestead lots is based upon the assertion that at the date of Emma Wells' death the lots were her separate estate. This claim is predicated upon a deed dated May 12, 1914, by which Lee K. Wells conveyed the lots to his wife. Prior to the execution of that deed the lots admittedly were community property of Wells and wife.

Defendant Wells contended that the deed to his wife passed no title to the property because the conveyance was in trust; his contention in this regard being embodied in the following finding of fact of the trial court, which has ample support in the evidence:

"I find that on or about the 12th day of May, 1914, said defendant, Lee K. Wells, was a member of a partnership in the printing business. That said business became involved, and fearing that his said partner might incur obligations which could not be met, and that suit might be brought and judgment obtained against him and said property subjected to sale to satisfy such judgments, not knowing that under the laws of Texas a homestead was exempt from forced sale, said Lee K. Wells prepared and signed and recorded a deed wherein he conveyed said above-described property to his wife. That said Lee K. Wells made no manual delivery of said deed to his wife, Emma Wells, and retained said deed in his possession, and it was in his possession at the time of the death of said Emma Wells. That at the time of the execution of said deed it was not intended that said deed should convey the title to said property to said wife so that the same should be her separate property, but it was intended and understood between the said Wells and his wife that she hold the title to said property as trustee for the benefit of the community estate of herself and husband. That the said Emma Wells, after the execution of said deed, recognized said property as the community property of herself and husband, Lee K. Wells, and at no time asserted any claim that the same belonged to her separate estate. That no suits were filed against said Lee K. Wells and no judgments were ever taken, and that said Lee K. Wells discharged any and all indebtedness against him, and his fears as to such suits being filed and judgments taken were groundless. That at the time said deed was executed all of said lots 20 and 21 were occupied and used by said Wells and his wife as their homestead."

The trial court rendered judgment for defendant. The Court of Civil Appeals reversed the trial court's judgment and rendered judgment decreeing a half interest in the lots in plaintiff. 236 S. W. 806.

The decision of the latter court is rested upon the holding that the trust sought to be established was predicated upon a fraudulent intent to defeat existing creditors, and therefore "the courts of equity are never open to give such parties or their heirs relief." The correctness in application of this holding is the controlling question in the case.

[1, 2] The general principle thus announced by the Court of Civil Appeals is well established, but it has no application to a case in which the property concerning which the trust agreement is sought to be established is homestead and therefore not subject to the claims of creditors. It has been repeatedly held in this state that the statutes which make void conveyances in fraud of creditors have no application to conveyances of exempt property. Wood v. Chambers, 20 Tex. 247, 70 Am. Dec. 382; Cox v. Shropshire, 25 Tex. 113; Martel v. Somers, 26 Tex. 551; Heidelbach v. Carter, 34 Tex. Civ. App. 579, 79 S. W. 346; Jolly v. Diehl, 38 Tex. Civ. App. 549, 86 S. W. 965; Holt v. Abby (Tex. Civ. App.) 141 S. W. 173. The following is from Cox v. Shropshire, above:

"The creditors could acquire no claim upon the homestead, to subject it to the satisfaction of their demands, while it remained the homestead. It was effectually withdrawn from their power by the law. The sale, or voluntary conveyance of it, would, in no way, affect their existing rights and remedies; and, as has been said, it would be a strange anomaly to hold that to be a fraud upon creditors, which, in no respect, varied their rights or remedies. Hence, it has been held in England that, in order to make even a voluntary conveyance void as to creditors, it is indispensable that it should transfer property which would be liable to be taken in execution for the payment of debts. 1 Story, Eq. § 367; Wood v. Chambers, 20 Tex. 247."

The present case, we think, is clearly ruled by the principle announced in Rivera v. White, 94 Tex. 538, 63 S. W. 125. That case, like the present, was one in which a trust was sought to be ingrafted upon an absolute deed which had been executed for the sole purpose of defeating the collection of what the grantor believed or feared was an enforceable claim against the property conveyed. The only distinction between that case and the one at bar is that in the former the grantor thought or feared there was an existing debt or claim, which in fact did not exist; whereas, in the instant case the grantor erroneously believed or feared that the property conveyed might be legally subjected to the payment of debts as to the existence of which there was no dispute. In that case the suit was by the grantor to establish the trust and recover back the property.

"A recovery was denied him in the district court and Court of Civil Appeals, the latter court basing its decision upon the proposition that the deed was binding upon him and that the trust could not be enforced because of his intent, with which the deed was made, to defraud his wife of her alimony."

The opposite conclusion was reached by the Supreme Court. We quote from the opinion which was written by Associate Justice Williams:

"The statute of frauds, for the protection of creditors, makes void all conveyances of property made by their debtors with intent to defraud them, and, in order to carry out its policy and deter debtors from such attempts to put their property beyond the reach of creditors and, at the same time, secure to themselves the enjoyment of it by secret arrangements with those to whom it is apparently conveyed, the statute makes such conveyances valid and binding between the parties; and courts, in furtherance of this policy, refuse to give any relief against such conveyances and to enforce any agreements or trusts growing out of them. But the statute applies only to conveyances made by debtors, *and it is therefore only to these that such consequences should attach.* The statute does not prohibit conveyances by persons who are not indebted, and no policy of the law is thwarted by a mere motive which can not work injury to creditors. Ellis v. Valentine, 65 Texas, 547. The motive with which such a conveyance is made and the fears by which it is prompted are of no importance unless there are creditors to be protected by the statute. When the statute does not apply to the case, there is nothing to prevent the court from enforcing the rights of the parties as they are fixed by their agreements. That a conveyance upon a trust, such as that shown by the evidence, constitutes the cestui que trust the equitable owner of the property is not to be disputed, unless the motive with which the deed is made vitiates the trust; and, we think, the law has no concern with the futile intent to protect the property from a claim which its owner fears may be asserted against him, but which is never asserted and does not exist. The law of this state does not entitle the wife, suing for divorce, to alimony as a matter of course, and there is no evidence that the law in Illinois is different. Rev. Stats. art. 2896; Wright v. Wright, 6 Texas, 29. The facts of the case are, therefore, not such as to preclude plaintiff from enforcing the trust upon which the conveyance was made." (Italics ours.)

If the motive with which a conveyance is made and the fears prompting it are of no importance where there are in fact no creditors, then the same motive and fears are equally unimportant where there is no property in fact subject to the claims of creditors embraced in the conveyance. The analogy between the two cases is so plain and simple that it needs only to be stated.

We conclude that the judgment of the Court of Civil Appeals should be reversed, and that of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court.