### W. REINSTEIN v. JOHN DANIELS.

#### No. 2748.

**Homestead, Mortgage Upon.**—Husband with wife and family owned and resided upon a rural homestead. The wife with their children, for purpose of schooling the children of the family, moved to a town lot bought in a neighboring town. Their absence was designed to be temporary. The town lot was not paid for. The husband executed a mortgage on the rural property to secure two promissory notes due in two and three years. Upon maturity of the first note suit was brought to foreclose. On trial the court held the mortgage void, and the note overdue being for less than five hundred dollars, the suit was dismissed for want of jurisdiction. *Held,* not to be error.

APPEAL from Washington. Tried below before Hon. C. C. Garrett. The opinion states the case.

*Searcy & Garrett,* for appellant, cited Tinsley v. Boykin, 46 Texas, 592; Jones on Mort., secs. 1459, 1577; Slavin v. Wheeler, 61 Texas, 654; Coates v. Caldwell, 71 Texas, 20, 21; Rogers v. Royland, 42 Texas, 443; Philleo v. Smalley, 23 Texas, 503; Holliman v. Smith, 39 Texas, 362; Woolfolk v. Ricketts, 48 Texas, 36, 37; Guirod v. Guirod, 14 Cal., 507.

*Bassett, Muse & Muse,* for appellee. — 1. Upon the conclusions of fact found by the judge, the premises became the homestead of the defendant's family prior to 1881; and the removal of the wife and children to Brenham being for a temporary purpose, and their temporary home there never having been paid for, no such abandonment of the former homestead is shown as would subject it to the claims of creditors or authorize the husband to encumber it for debt. Gouhenant v. Cockrell, 20 Texas, 96; Cross v. Everts, 28 Texas, 524, 533, 534; Shepherd v. Cassidy, 20 Texas, 24, 29, 30; Mills v. Von Boskirk, 32 Texas, 360, 362.

2. If the premises were the homestead of the defendant's family, the attempt to encumber it for debt was void; and the court rightly dismissed the suit for the reason that only one of the notes sued on was due, and that being for less than $500, was not within the jurisdiction of the court.

HENRY, ASSOCIATE JUSTICE.—This suit was filed in February, 1889, upon two promissory notes, of dates February 14, 1887, for the sum of

$281.76 each, due and payable two and three years after the date thereof, and to foreclose a mortgage lien on the land described in plaintiff's petition. The defendant answered by general and special demurrers, general denials, and by special answer set up that the land upon which the mortgage was sought to be foreclosed was their homestead, and prayed for judgment cancelling the same, etc.

The case was tried before the judge without a jury. He found that the land was the homestead of the defendant, refused to foreclose the mortgage, and dismissed the suit. From this judgment plaintiff prosecutes this appeal, and assigns the following errors:

"1. The court erred in holding that the land upon which the deed of trust was given, and to foreclose which this suit was brought, was the homestead of John Daniels and his wife Lucinda Daniels.

"2. The court erred in refusing to give the plaintiff judgment for the amount of the notes sued upon, and in refusing to foreclose the lien on the land described in plaintiff's petition, and in dismissing plaintiff's suit."

The following are the conclusions of fact and law as found by the court:

"1. On February 14, 1887, the defendant John Daniels executed a deed of trust to William P. Ewing, as trustee for the plaintiff, W. Reinstein, on the land described in the plaintiff's petition, in order to secure the payment of two promissory notes of said Daniels executed to the said Reinstein, bearing even date with said deed of trust, for the sum of $281.76 each, payable two and three years after date respectively, with interest from date until paid at the rate of 10 per cent per annum. The deed of trust was signed by John Daniels alone, was duly acknowledged and recorded, and became a valid lien on the land, unless it is the homestead of the defendant and his wife Lucinda Daniels.

"2. The defendant is a married man and the head of a family. He and his wife Lucinda have been married about thirty years, and have two children; the eldest, James Massey, is twenty-four years of age, and the other, Estella, is the wife of Horace Lindsey, whom she married December 2, 1882, when about sixteen years old. Since her marriage Mrs. Lindsey has not been a member of the family. James Massey has been with his mother and father up to the present time. Defendant and his wife have living with them also two children of one Polk Hill, a son of Mrs. Daniels by a former marriage, to-wit, John and George Ellis; the mother of these children is dead and they are cared for and supported by defendant and his wife.

"3. In March, 1881, W. A. Bizzell conveyed two hundred and thirteen acres of land to the defendant, which is the same included in the deed of trust, less sixty acres conveyed by defendant and his wife to one Harriet Ford, leaving one hundred and fifty-three acres in the tract. The defendant had contracted for this land from Bizzell about the year

1870, and had resided on it ever since with his family, but only finished paying for it about the time of the execution of Bizzell's deed to him. The one hundred and fifty-three acres consisted of sixty-six acres in cultivation and the balance in timber; the land in cultivation has three tenant houses on it and is under fence.

"4.  In December, 1881, the defendant bought a house and lot in the city of Brenham, for which he agreed to pay $400.  He paid $100 in cash, and executed two notes for $150 each, due January, 1883, and January 1, 1884, respectively, with 12 per cent interest.  A deed was executed to him reciting the consideration as stated and reserving a vendor's lien for the purchase money.  It was duly acknowledged and was filed for record December 13, 1881, and afterwards duly recorded.  Neither of said notes for the purchase money have been paid, and there is now due on them an amount equal to the original purchase money.  They have been renewed since their execution and are in force.  The defendant has rendered for taxation and paid the taxes on the said lot in Brenham.

"5.  Defendant and his wife both testified that Mrs. Daniels came to Brenham for the purpose of sending their children to school, and that they both intended to return to the farm, and that they did not intend to leave or abandon it as a homestead.  The daughter attended school until she was married; the son attended for two years, and the Hills are now in attendance, and have been for some time.  The defendant has all the time remained on the farm, cultivating a portion of the same with the labor of himself and his children and hired hands, and renting out a portion of it.  He has come in town to visit his family on an average of once in two weeks.  Mrs. Daniels gave it as an additional reason for coming into town that her health was bad at the time; that they had bought the lot in town to keep from paying rent.  Two or three neighbors near the farm testified that Daniels and his wife had always said that they intended to return to the farm.  The defendant has used and cultivated the farm in support of himself and family all the time except the year 1887, when he rented it to the plaintiff in order to pay him a portion of the debt which he owed him.  He is a farmer and does nothing else.  That year the defendant rented and cultivated land adjoining his said farm.  On one occasion, but some time before, and not in connection with the deed of trust, Daniels told Reinstein that he had a good home in Brenham.

"6.  On the marriage of the daughter to Horace Lindsey the parents told Horace Lindsey that they intended to divide the farm between the two children, and the defendant designated and gave to Lindsey a patch or parcel of ten acres in the field, the balance of his half to be taken from outside; and Lindsey has ever since exercised exclusive ownership over and received the rents from that ten acres.  The gift was oral.  No deed or writing whatever has been executed to carry it into effect.

"7.  Soon after the defendant had agreed to rent the farm to the

plaintiff for the year 1887, the defendant, being pushed for the payment of a judgment that had been recovered against him for about $280 by one Hoffman, and the sale of his land being threatened, went to the plaintiff and requested him to take the judgment up and give him time. Plaintiff agreed to do so if the defendant would include an indebtedness to him on store account and give notes secured by a deed of trust on defendant's farm for the entire amount. The negotiation resulted in the notes and deed of trust sued on. In arriving at the amount for which the notes should be executed, the rents for 1887, amounting to $262, were deducted from the amount due by the defendant to the plaintiff on the store account, and the balance was added to the Hoffman judgment, and the sum was divided into two equal amounts, for which two notes were executed.

"Conclusions of law:

"1. The land is the homestead of the defendant John Daniels, and was when the deed of trust was executed. The deed of trust is therefore invalid.

"2. The defendant is indebted to the plaintiff in the full amount of the notes, principal and interest; but as there is no lien on the land, and as only one of the said notes is due, and that is for an amount below the jurisdiction of this court, the plaintiff can not recover for his debt. Judgment will therefore be that the plaintiff has no lien on said land, that his cause of action on his debt be dismissed for the want of jurisdiction, and on the defendant's plea in reconvention restraining the plaintiff from ever selling under the said deed of trust."

We find no error in these proceedings. No title to the Brenham property had been acquired. The residence there of the wife and children, composing the family, is explained and was intended to be temporary only. The husband had continued to reside upon and cultivate the farm. The facts show that it was once the homestead of appellee, and sustain the conclusion of the court that it had never lost that character.

The judgment is affirmed.

*Affirmed.*

Delivered January 24, 1890.