## P. K. TAYLOR v. HEIRS OF THOMAS LEWELYN.
### No. 6845.

1.  **Public Lands—Sale Under Acts of 1879 and 1881.**—The Legislature did not intend by the Acts of 1879 and 1881 to offer for sale any titled or patented lands. The acts provided for the sale of unappropriated land only, and land to which the State had issued a patent was no longer unappropriated.

2.  **Patented Land—See Attack Against Patent.**—See facts relied upon as a ground of attack against a patent not deemed sufficient.

3.  **Void and Voidable.**—See an attempt to invalidate a patent by a purchaser under the land sale acts of 1879 and 1881, urging the reason that the patent was based upon an exhausted land certificate.

APPEAL from Denton.   Tried below before Hon. D. E. Barrett.
The opinion gives a statement.

*J. A. Carroll, T. B. Wheeler* and *Fleming & Moore,* for appellant.—
1.  The petition disclosed the title to be in the plaintiff, the patent to defendant being void.   Laws 1879, p. 48; Laws 1881, p. 24; Sayles' Civ. Stats., arts. 3952 (note 2), 3953; Decourt v. Sproul, 66 Texas, 370; Hanrick v. Dodd, 62 Texas, 91; Sherwood v. Fleming, 25 Texas Supp., 408; Dozwell v. De Lalanza, 20 How., 33; Wright v. Rutgers, 14 Mo., 585; Sherman v. Buich, 3 Otto, 216; Stoddard v. Chambers, 2 How., 318; Boatner v. Ventress, 20 Am. Dec., 311, note; White v. Jones, 2 Am. Dec., 564; Washb. on Real Prop., ch. 3, secs. 30–42.

2.  A patent obtained by fraud or without authority or against law is void, and does not operate as a divestiture of title from the State.   Wright v. Rutgers, 14 Mo., 588; Doswell v. De Lalanza, 20 How., 33; Stoddard v. Chambers, 2 How., 318; Decourt v. Sproul, 66 Texas, 370; Day Co. v. The State, 68 Texas, 540.

3.  Defendants are not protected under the statutes, or section 2 of article 14 of the Constitution, by reason of the patent, because their location was not by a genuine certificate.   Const., art. 14, sec. 2.

4.  Section 2, article 14, of the Constitution can not be invoked in behalf of defendants, because plaintiff's title was not acquired by the mere location of a certificate, but by purchase.   Const., art. 14, sec. 2.

5.  A patent cures irregularities, however gross, but such protection can not be extended to cover a second survey on a certificate already exhausted or on a reservation.   Const., art. 14, sec. 2; Winsor v. O'Connor, 69 Texas, 571; Adams v. Railway, 70 Texas, 252.

6.  The patent, though antedating the purchase by defendant, did not constitute title or equitable ownership in defendants, because before the location of this land the certificate had been located, exhausted, and merged in patent.   Const., art. 14, sec. 2; Morris v. Byers' Heirs, 14 Texas, 279; Adams v. Railway, 70 Texas, 252; Hanrick v. Dodd, 62 Texas, 91.

7.   The only methods known to law by which land belonging to the State can be segregated from the public domain is by the location of a genuine certificate, by grant, reservation, act of settlement (pre-emption), purchase from the State, and possibly by prescription.   The patent was not acquired in any of the ways known to the law, and was therefore void, and the land vacant and the property of the State.

8.   The title to defendant by virtue of the patent was, if having any validity, repudiated by the State by the sale of the land to plaintiff.   Decatur v. Paulding, 14 Pet., 515; Day Co. v. The State, 68 Texas, 526.

ACKER, PRESIDING JUDGE.—On the 4th day of January, 1884, P. K. Taylor brought this suit against the heirs of Thomas Lewelyn.

. Omitting formal matters, the allegations of the petition were substantially as follows:  On the 25th day of September, 1882, plaintiff made application to purchase a certain tract of land therein described, situated in Denton County, by virtue of an act entitled "An act to provide for the sale of a portion of the unappropriated public lands of the State of Texas and the investment of the proceeds of such sales," approved July 14, 1879, and the act of March 11, 1881, amendatory thereof; that is to say, that on the 25th day of September, 1882, he made application in writing to the county surveyor of said county for the survey of said tract of land, a copy of said application, marked Exhibit A, being attached and made a part of the petition.   Plaintiff further alleged that said application was duly filed and recorded in the location file book by the surveyor of said county on the day and date last aforesaid, and that thereafter he caused the land described in said application to be surveyed by virtue of his file and in accordance with the said acts of the Legislature, the field notes of said survey to be duly filed in the records of said office by the said surveyor and certified on the 6th day of December, 1882, and the certificate, map, and field notes returned to the Land Office within the time prescribed by law, and filed on the 23rd day of January, 1883.

That on the 23rd of January, 1883, he caused to be paid to F. R. Lubbock, the then Treasurer of said State of Texas, the sum of $320 in payment for said land, and took the Treasurer's receipt therefor, and caused said receipt to be presented and filed in the General Land Office in the State of Texas, all of which is made to appear fully by allegations and an exhibit.

Plaintiff further averred that the land applied for and purchased by him as aforesaid is situated in the west part of Denton County, on the divide between Denton and Oliver creeks, sixteen miles south 70 degrees west from the town of Denton, and described further and fully by metes and bounds.   He averred also that said land was at the date of his purchase the property of the State of Texas, and had never been legally severed

from the public domain by any legal or valid location, but was to all intents and purposes unappropriated public domain.

Further pleading, he declared that by reason of said application and the return of the field notes as aforesaid, and payment of the purchase money of said land and the receipt thereof by the State of Texas as aforesaid, he became and was subrogated to all the rights that the State had in and to said land, and became entitled to all the rights, title, and estate in and to said land of which the State was seized or possessed, equitably or legally, and averred that he was the equitable owner thereof.

Plaintiff further alleged that on the 20th day of January, 1872, the said land was patented to the heirs of Thomas Lewelyn, deceased, by virtue of location of bounty warrant No. 3309, issued by the Secretary of War, May 11, 1836, but that the patent to the heirs of the said Thomas Lewelyn was void and procured through mistake and fraud; and in explanation represented that a duplicate certificate, No. 279, for the said warrant No. 3309 was procured to be issued by the Adjutant-General of the said State on the 31st day of May, 1847, in lieu of and instead of said bounty warrant No. 3309, and that said duplicate certificate was located in Jack County, in said State, in two surveys, and patented to the heirs of said Thomas Lewelyn on the 31st day of January, 1870; and that the full amount of land to which said heirs were entitled was granted to them by virtue of said two patents to land in Jack County located under said duplicate certificate, and that the subsequent location and patent of the original was void and of no effect, and no title was acquired thereunder or divested from the State; that the State of Texas, by reason of placing said land upon the market by virtue of the aforesaid acts of the Legislature and receipt of the purchase money for the same from plaintiff, repudiated the grant of and to the land in Denton County, and the same by reason of the premises became the property of plaintiff.

Plaintiff charged that said patent was a cloud upon his title and prevented and hindered the sale thereof, and gave notice to defendants to produce said patent in court for cancellation; and prayed that defendants be cited in due form of law to answer his petition and produce in court said patent, and that upon final hearing he recover said land, and that the court decree the cancellation of said patent to the heirs of said Thomas Lewelyn, deceased, and the removal of said cloud; and for judgment for his costs and such other relief, both general and special, to which he might be entitled in law or equity.

The defendants demurred upon the following grounds:

"It appears from said petition that the land in controversy was patented on the 20th day of January, 1872, and that at that time the plaintiff had no interest in or claim to the land, and that he made application to purchase said land from the State on the 25th day of September, 1882, and that the State at that time had parted with all her title."

The demurrer was sustained, and the plaintiff refusing to amend, judgment was entered dismissing the cause, from which this appeal is prosecuted. The court did not err in sustaining the demurrer.

The Legislature did not intend by the Acts of 1879 and 1881, under which appellant applied to purchase the land, to offer for sale any titled or patented land. Those acts provided for the sale of unappropriated land only, and land to which the State had issued patent was no longer unappropriated, and therefore not subject to purchase under the provisions of those statutes.

We are of opinion that the judgment of the court below should be affirmed.

*Affirmed.*