## A. F. ZACHARIAE ET AL. V. J. A. SWANSON.

### Decided December 9, 1903.

**1.—Attachment—Insufficient Bond.**

An attachment issued on bond for less than double the amount of the plaintiff's claim should be. quashed on motion.

**2.—Findings of Fact and Law—Fraud.**

Conclusions of fact that the consideration of a conveyance made to defendant's daughter was paid by him, did not establish the fact that such title was taken to her in fraud of his creditors, there being evidence to support a claim that it was done in discharge of a debt to her; nor was the omission to find fraud in fact supplied by a finding, as a conclusion of law, that it was fraudulent.

Appeal from the District Court of Llano. Tried below before Hon. Clarence Martin.

*Flack & Dalrymple* and *Chas. L. Lauderdale,* for appellants.

No briefs for appellee were on file.

FISHER, CHIEF JUSTICE.—This is a suit by Swanson against Zachariae on two promissory notes, each for $866.66, with 8 per cent interest. An attachment was, at the time of the institution of the suit, issued and levied upon the land in controversy, which the plaintiff, by an amended petition, alleged that one Mrs. Charlotte Holtzer was claiming an interest in.

The defendant Zachariae filed a motion to quash and vacate the attachment on the ground that the bond was not in double the amount sued for. It appears that Mrs. Charlotte Holtzer is the daughter of the appellant Zachariae, and prior to the levy of the writ of attachment he conveyed by deed the land in controversy to her. The questions are whether that deed was for a valuable consideration, and whether it was executed in fraud of the appellee and other creditors of Zachariae. The court found in favor of the plaintiff and foreclosed the attachment lien.

The findings of the trial court are as follows:

"1. Defendant A. F. Zachariae executed and delivered the two notes set out in plaintiff's second amended original petition; that they are past due and no part of same has been paid; that suit was brought on same, and plaintiff is the legal and equitable owner and holder thereof.

"2. That at the time of filing of the original petition herein on February 4, 1903, plaintiff filed his affidavit and bond in attachment, and on the same day a writ of attachment issued to the sheriff or any constable of Llano County, commanding him to attach so much of the property of defendant A. F. Zachariae as shall be of value sufficient to make the principal of said notes and interest thereon, and on the same date said writ was levied on lot 7, in block R of the Llano Improvement and Furnace Company resubdivision to the town of Llano, in Llano County, Texas, as the property of the defendant A. F. Zachariae.

"3.   Said lot was purchased and paid for by defendant A. F. Zacha-riae, said title taken in the name of his daughter Charlotte Holtzer; that the purchase price thereof and cost of improvements upon said lot were paid with money belonging to the defendant A. F. Zachariae.

"Conclusions of Law.—Plaintiff is entitled to recover of defendant A. F. Zachariae principal, interest and attorneys' fees due on said notes.

"3.   The taking of title to said lot in the name of Charlotte Holtzer was in fraud of plaintiff, and she acquired no title thereby, but title is held by her for the use and benefit of defendant A. F. Zachariae.

"4.   That plaintiff has a valid and subsisting attachment lien on said lot and is entitled to a decree of foreclosure to the extent of the principal and interest on said notes and attorneys' fees on the first of said notes."

There is some evidence in the record which tends to show that the land was purchased by the appellant Zachariae for his daughter Mrs. Holtzer; and there is some evidence to the effect that he purchased it with his funds, but intended it for her, he at the time being indebted to her.

We are of the opinion that the court erred in not sustaining the motion to quash the writ of attachment, and that it erred in foreclosing the attachment lien on the property in question.   The law requires the attachment bond to be double the amount sued for.   The attachment bond is only for $2300; and therefore is not in double the amount sued for.

The court in its conclusions of law states that the title or conveyance executed by Zachariae to his daughter Charlotte Holtzer was in fraud of the plaintiff, and for that reason she acquired no title to the property in controversy, but held it for the use and benefit of defendant A. F. Zachariae.   The evidence is not of such a conclusive and convincing character that the court could, as a matter of law, determine the invalidity of the conveyance on the ground of fraud, as stated by the trial court in its conclusions of law.   There is no finding of fact of the trial court upon this subject.   It does not find as a fact that the conveyance was executed in fraud of the rights of the appellee, nor does it find as a fact that the purchase was not made by Zachariae in good faith for the benefit of his daughter for the purpose of reimbursing her for funds of hers used by him, or that the purchase was made with her individual funds.   A conclusion of law does not supply or take the place of a finding of fact, except in cases where the law gives a conclusive effect to the fact established, or where the evidence is of such a certain and conclusive character that the minds of men of ordinary intelligence will not differ as to its effect.   Edwards v. Chisholm, 6 S. W. Rep., 558; West End Town Co. v. Grigg, 93 Texas, 457.

We do not undertake to discuss the evidence in the record, nor the effect to be given to it, and dispose of the remaining assignments with the views just expressed.

*Reversed and remanded.*