H. P. DROUGHT & COMPANY v. J. M. STALLWORTH ET AL.

Decided January 30, 1907.

**1.—Homestead—Family—Brother and Sister.**

A brother and sister living together on premises owned by them in common may constitute a family such as will support a claim of homestead rights therein, where the evidence shows a moral obligation of the one to support and a corresponding state of dependence by the other.

**2.—Homestead—Abandonment—Houses for Rent.**

A homestead once so established as to embrace an entire block is not necessarily abandoned as to certain lots therein by the erection and renting of houses upon them. Evidence as to temporary intent in such erection and renting, as to the relations of the tenants by service to the family, and partial use of the premises by the family while rented, held to support a finding against the theory that homestead was abandoned.

Appeal from the District Court of Falls County. Tried below before Hon. Sam. R. Scott.

*Z. I. Harlan,* for appellant.—Two adult unmarried persons, a man and his sister, neither of whom has ever been married, and neither of whom has any family of his or her own, can not become the head of a family of relatives living with them so as to protect their property as exempt from forced sale under execution for their debts. Munzenberger v. Boehme, 2 Posey U. C., 389; Whitehead v. Nichelson, 48 Texas, 528; Roco v. Green, 50 Texas, 488-491; Howard v. Marshall, 48 Texas, 471.

Where the owner of two adjacent lots used as a homestead detaches one and erects buildings thereon to be rented out by him for revenue, such detached lot ceases to be a part of the homestead and becomes subject to execution in favor of judgment creditors of the owner. Wurzbach v. Menger, 65 S. W. Rep., 679-681; Wynne v. Hudson, 66 Texas, 7-9; Blackburn v. Knight, 81 Texas, 329-332; Torres v. Cuneo, 53 S. W. Rep., 828; Williams v. Cleveland, 18 Texas Civ. App., 133.

Houses built on land used by the owner in connection with and as a part of his homestead and which were built to rent, and which have been rented out continuously to others, and not used in connection with his own house or for any household or domestic purpose, or as a place of abode for any one of his own family, are not a part of the homestead, though enclosed by the same fence, and such houses and the adjacent grounds are subject to sale under execution against the owner. McDonald v. Clark, 19 S. W. Rep., 1024, 1025; Oppenheimer v. Fritter, 79 Texas, 102; Wurzbach v. Menger, 65 S. W. Rep., 679; Stringer v. Swenson, 63 Texas, 13; Williams v. Cleveland, 18 Texas Civ. App., 133.

*Tom Connally* and *Rice & Bartlett,* for appellees.—It appearing from

the undisputed testimony that the appellees, both well advanced in years, had always lived together, composing a household, subsisting in common and endeavoring to promote their mutual interests, and it further appearing that the brother was under a moral and legal obligation to support his widowed mother and invalid sister who were solely dependent upon him, the court did not err in holding that they constituted a "family" and as such entitled to homestead rights and exemptions; and this would be true as long as a constituent member of the family survives who is dependent upon the brother.   American Nat. Bank v. Cruger, 71 S. W. Rep., 784; Smith v. Wright, 13 Texas Civ. App., 485; Barry v. Hale, 2 Texas Civ. App., 669; Clark v. Goins, 23 S. W. Rep., 703; Bybee v. Wadlington, 2 Posey U. C., 467; American Nat. Bank v. Cruger, 44 S. W. Rep., 1058; Waples on Homesteads & Exmp., 7, 47; Wade v. Jones, 61 Am. Dec. (note), 586; Lane v. Philips, 69 Texas, 240; Thompson, Homestead & Ex., sec. 45, 46.

Where a home is once fixed and established, the renting of a portion of the same does not constitute an abandonment unless it was intended to be permanently devoted to uses inconsistent with the home, and this is a question of fact for the court trying the case without a jury.  Where there is a temporary renting and no segregation intended this will not constitute an abandonment, and it devolves upon the plaintiff to show an abandonment.   Shook v. Shook, 50 S. W. Rep., 731; Hensley v. Shields, 25 S. W. Rep., 37; Newton v. Calhoun, 68 Texas, 451; Rollins v. O'Farrel, 77 Texas, 91; Malone v. Kornrumpf, 84 Texas, 454; Bedwell v. Bedwell, 71 S. W. Rep., 983.

EIDSON, ASSOCIATE JUSTICE.—This was an action of trespass to try title, brought in the court below by appellants against appellees and H. A. Stallworth, J. A. Martin and J. A. Martin, Jr.  Appellants took judgment in the court below by default against the three last named defendants.  Upon a trial between appellants and appellees before the court without a jury, judgment was rendered in favor of appellees.  Appellants claimed title to the land in controversy by virtue of a sale under an execution on a judgment in their favor against appellees, and appellees contested such sale upon the ground that the property constituted their homestead at the time of the levy and sale.

Appellants' first and second assignments of error assail the conclusion of law of the court below to the effect that appellees constituted a family within the meaning of the constitution and exemption statutes of this State, upon the ground that the evidence did not justify such conclusion of law.  We do not think this contention of appellants sound in view of the decisions of the higher courts of this State upon the question involved.  We are of opinion that the testimony embraced in the record clearly shows such a social status existing between appellees and moral, if not legal, obligation upon the part of the brother to support and take care of the sister, and corresponding state of dependence on her part for such support and care, as warranted the conclusion of law of which complaint is made.  (American Nat. Bank v. Cruger, 71 S. W. Rep., 784; Smith v. Wright, 13 Texas Civ. App., 485; Barry v. Hale, 21 S. W. Rep., 784; Roco v. Green, 50 Texas, 488-491.)

Appellants' third and fourth assignments of error contend that the

court below erred in holding that the two houses erected by appellees on the west lot were erected to be only temporarily rented, and that the evidence did not establish a segregation and abandonment of said lot as a portion of the homestead, and in not holding that the two houses erected on said lot were erected to be used as rent property and not as a part of the homestead; and that the evidence showed a segregation and abandonment of said lot as a portion of the homestead, and that same was therefore subject to forced sale. Where there is only a temporary renting of a part of the homestead and no segregation made or intended, it does not constitute a divestiture of the homestead character as to such portion. (Shook v. Shook, 50 S. W. Rep., 731; Newton v. Calhoun, 68 Texas, 451; Rollins v. O'Farrell, 77 Texas, 91.) When property has been impressed with the homestead character, it will be presumed to so continue until its use as such has been discontinued with the intention not to again use it as a home. (Archibald v. Jacobs, 69 Texas, 251.) And an entire block of land used for purposes for which a homestead is given, is protected as homestead until the whole or a part is used so as to evidence intent to no longer use it as a homestead (Wynne v. Hudson, 66 Texas, 10). And whether property once a homestead has been permanently abandoned for homestead purposes is a question of fact in solving which the jury or court trying the case must consider the uses to which it has been subjected, the character of improvements made, the effect and object of temporary renting and the intention to preserve it as a home, as indicated by the acts of the party asserting homestead rights in such property. (Rollins v. O'Farrell, supra.) While the testimony on the issue as to the renting of the two houses being temporary is somewhat meager, we do not think we would be justified in holding that the finding of the court below to the effect that such renting was temporary is without evidence to support it. The testimony reasonably shows that appellees, during the time the houses were rented, used a portion of the west lot not occupied by the houses for their chickens, and, during the time they had a horse and cow, or either, for a lot and pasture for same, and in renting the houses they invariably reserved the right to use the lots for the above purposes. Appellee J. M. Stallworth testified that while he built the two houses on the west lot to rent, he never surrendered their full control to anyone, and that he was really sorry afterwards that he put them there; that he had never abandoned the idea of using any part of the west lot upon which the rent houses were situated as a home, and that he had refused to sell that lot although he had had liberal offers from parties to purchase same; that he refused to sell said lot because its sale and separation from his other lot would ruin his place as a home. In other words, that its sale and segregation from his other lot would deprive him of sufficient land upon which to make his home convenient and comfortable. We think this testimony tends to support the idea that the renting was only temporary. This witness's testimony also shows that, during a portion of the time, these houses were occupied by families who did his sister's washing and other services for the family, presumably, in payment for their use, which tends to show a home or family use of the houses, as contradistinguished from the independent use of them by renters.

Vol. XLV. Civil—11.

Appellants' fifth assignment of error is disposed of by what is said in the disposition of their third and fourth assignments. We are of opinion that the testimony, as shown by the record, supports the findings of fact of the court below, and that its conclusions of law based thereon are correct.

The judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.