### KIGGINS et al. v. HENNE & MEYER CO., Inc. (No. 5831.)

(Court of Civil Appeals of Texas. Austin. Nov. 21, 1917. Rehearing Denied Dec. 12, 1917.)

1. EXEMPTIONS ⊂⇒15 — PERSONS ENTITLED — "FAMILY" RELATION.

Six unmarried brothers living in the same house with their four unmarried sisters and with their aged, widowed father, who was un-

able to perform labor of any kind, constituted a "family" within the exemption laws.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Family.]

**2. EXEMPTIONS ☞137—RECONVENTION—CONVERSION.**

In a suit on a note, wherein plaintiff sued out a writ of attachment and levied upon defendant's joint property, the defendants, claiming an exemption, were entitled by plea in reconvention to ask judgment against plaintiff for the value of the property levied upon, treating it as a conversion.

**3. EXEMPTIONS ☞144 — OFFSETTING JUDGMENTS.**

In such case, plaintiff, though entitled to a judgment on the note sued upon, was not entitled to have defendants' judgment for the value of the exempt property converted by attachment and levy offset by the judgment on the note.

**4. EXEMPTIONS ☞137—ACTION FOR CONVERSION OF EXEMPT PROPERTY—TITLE TO PROPERTY—EFFECT.**

In such case, the defendants by their cross-action for conversion abandoned the property to the plaintiff, and it became his property.

**5. PARTIES ☞25—MISJOINDER.**

In a suit on a joint and several note, with attachment and levy on defendants' joint property, an amended petition asking judgment on a note against one of such defendants purchased after the commencement of the suit was properly allowed, against the objection that there was a misjoinder of parties.

**6. ACTION ☞38(6)—MISJOINDER.**

Such amendment was not objectionable as being a misjoinder of causes of action.

**7. EXEMPTIONS ☞43—CATTLE—"YEARLING" —"CALF."**

An animal sucking a cow that is being milked would be a "calf" within the exemption statute, which should be liberally construed to effect its intended purpose, and, if "bull yearlings" were over a year old and their mothers were dry or so near so that they were not useful for milk purposes, they were subject to forced sale, otherwise they were not; the word "yearling" meaning an animal over a year old.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Calf; Yearling.]

Appeal from Milam County Court; John Watson, Judge.

Suit by the Henne & Meyer Company, Incorporated, against Tom Kiggins and others, with a writ of attachment and a levy, and with a plea in reconvention asking judgment against the plaintiff for the value of the property levied upon as for a conversion. Judgment for plaintiff foreclosing the attachment, and defendants appeal. Reversed, and cause remanded for a retrial.

Lewis H. Jones, of Belton, for appellants. E. A. Wallace, of Cameron, for appellee.

JENKINS, J. This suit was instituted against appellants on their joint and several promissory note for $367.90. Appellee sued out a writ of attachment and caused it to be levied upon two head of horses, four milk cows, and three calves of said cows, all the joint property of appellants and their unmarried sisters. Appellants are six brothers, neither of whom has ever been married. They live in the same house together with their four sisters, neither of whom has ever been married, and with their widowed father, who is 100 years old and incapable of performing labor of any kind. The appellants are morally bound to support their sisters and father, and they do so; the sisters rendering such assistance as is usual with female members of a family. The oldest of appellants acts virtually as the head of the family. Besides the horses levied on, the appellants and their sisters own ten head of mules. They own no other cattle. Prior to and at the time of the levy of the writ of attachment, they claimed to the officer making such levy the property levied upon as being exempt to them as a family.

[1] The trial court held that these facts did not constitute the appellants and their sisters and father a "family," and entered judgment foreclosing the attachment. This was error. Drought & Co. v. Stallworth, 45 Tex. Civ. App. 159, 100 S. W. 188, and authorities there cited; Wilson v. Cochran, 31 Tex. 680, 98 Am. Dec. 553.

[2, 3] The appellants by plea in reconvention asked judgment against appellee for the value of the property levied upon, treating such levy as a conversion. They were entitled to this, and, while appellee is entitled to a judgment on the note sued upon, it is not entitled to have appellants' judgment for the value of the exempt property converted offset by its judgment on the note.

[4] We cannot understand why appellee, under these circumstances, should ask to have its attachment foreclosed. As the appellants by their cross-action for conversion have abandoned said property to appellee, it has become appellee's property, and to foreclose an attachment thereon would be to foreclose on its own property, and credit the proceeds thereof on its judgment on the note sued on.

[5, 6] Subsequent to the filing of this suit and the issuance of attachment thereon, appellee purchased a note for $62.50 on Ed. Kiggins, one of the defendants, and a mortgage on one of the horses levied upon by the writ of attachment herein to secure said indebtedness, and in its amended petition asked judgment on said note and foreclosure of said mortgage. Appellants excepted to said amendment as being a misjoinder of parties and of causes of action, which exception was by the court overruled. We are not free from doubt on this issue, but as it is the policy of our law to avoid a multiplicity of suits, and as the question of misjoinder rests to a very large extent in the discretion of the court, we overrule appellants' assignment on the issue. Ed. Kiggins was already before the court. He was the several, as well as the joint, maker of the note originally sued on. The evidence indicates that he owned a one-tenth undivided interest in said horse, and, although it was exempt from at-

tachment, he could give a valid mortgage on same. Buckholts State Bank v. O. Thalmon et al., 196 S. W. 687, by this court, not yet officially reported. We see no reason why, under proper pleading, a judgment might not be rendered in this case foreclosing the mortgage on Ed. Kiggins' interest, if any, in said horse. Of course, no cost incurred in this branch of the case should be adjudged against the other appellants herein.

[7] As to the animals described in the officer's return on the writ of attachment as "two bull yearlings," there is no evidence as to their age, nor as to whether or not they were sucking their mothers. Ordinarily, "yearling" means an animal over a year old. On the other hand, an animal that is sucking a cow that is being milked, would be a "calf" within the meaning of the exemption statute, which should be liberally construed to effect the purposes for which it was intended. If the "bull yearlings" were over a year old, and their mothers were dry, or so near so that they were not useful for milk purposes, such "yearlings" were subject to forced sale; otherwise, they were not.

For the reasons stated, the judgment herein is reversed, and this cause is remanded to be retried in accordance with this opinion.