## KORKMAS v. HAM.

### No. 12890.

Court of Civil Appeals of Texas. Dallas.

May 11, 1940.

Rehearing Denied June 8, 1940.

A. A. Dawson, of Canton, for appellant.

Herbert Marshall, of Dallas, for appellee.

LOONEY, Justice.

Guy Ham sued Pete Korkmas for damages occasioned by a highway collision in Van Zandt County, between a 1½-ton truck, driven by plaintiff, and a Buick sedan, driven by the defendant. The parties were going in opposite directions; plaintiff traveling east and the defendant west. One of the grounds of negligence alleged, in substance, was that, in attempting to pass each other, the defendant negligently failed to give plaintiff one-half the road, but drove onto the south side of the road, colliding with plaintiff's car. Among other defenses, the defendant pleaded to the jurisdiction of the court; also alleged that, plaintiff was guilty of contributory negligence.

The case was submitted to the trial judge, who found for plaintiff, assessing his damages at $225, for which judgment was rendered, and from which, the defendant appealed. The case is before us on findings and conclusions filed by the trial court, without a statement of facts.

The defendant has assigned errors on the action of the court in overruling his plea to the jurisdiction, and in refusing to strike plaintiff's trial amendment. These assignments, being related, will be considered together. In his original petition, plaintiff claimed that his truck was damaged $200, as the result of the collision, and that he also suffered $100 damage for the loss of its use. Defendant's plea was based upon the idea that, the amount claimed, $100 damages, for the loss of the use of the truck, was not a proper element of damages, hence not recoverable, and that, the amount claimed as damages to the truck was below the jurisdiction of the county court.

We are not prepared to agree that the loss of the use of the automobile, by reason of the collision, was not a recoverable damage. In a very similar case, Davis v. Mrs. Baird's Bakery, 30 S.W.2d 809, the Fort Worth Court of Civil Appeals held that, the interruption of one's business (loss of the use of an automobile), caused by the negligent acts of another, was a proper element of damages, if the interrupted use proximately resulted from such negligence.

But, aside from that question, the record discloses that, over the objection of the defendant, plaintiff was permitted to file a trial amendment, increasing the amount claimed as damages to the truck from $200 to $225, for which amount the court rendered judgment. We do not think the court abused its discretion in permitting plaintiff to file the trial amendment,

nor in refusing defendant's motion to strike. Trial courts are vested with discretion in matters of this kind, and their action will not be disturbed, in the absence of a showing of its abuse. See Evans v. Galbraith, etc., Co., Tex.Civ.App., 51 S.W.2d 831, 833. And it is even held that, a mistake in stating the value of the claim, or the amount in controversy, may be corrected by a trial amendment. See McDannell & Co. v. Cherry, 64 Tex. 177; Howard v. Howard, Tex.Civ.App., 48 S.W.2d 489, 495.

The main contention of the defendant is that, the court erred in rendering judgment for plaintiff, because the same was not authorized by the findings of fact, and was contrary to the conclusions of law.

Among the findings of fact, the court said: "I find that a short time, and about 60 feet, before the collision the plaintiff was driving his truck on the wrong side, that is the left side, of the highway, and that the defendant was driving his automobile near the center of the highway, but that at the time of the collision in question plaintiff was on his right side of the highway and the defendant was on his left side of the highway, and that the collision occurred on the left side of the highway, that is south of the center line and on the defendant's left-hand side of the highway."; and in the conclusions of law, said: "I conclude that the collision in question was proximately caused by the negligence of both parties, and the defendant Pete Korkmas and his said negligence was the proximate cause of said collision."

 The judge found that, at the time of the collision, plaintiff was on his right side of the highway (where he should have been) and that, the defendant was improperly on his left side of the highway. As found by the court, the conduct of the defendant was negligence per se. Art. 801 Penal Code, subd. (B), reads: "Vehicles proceeding in opposite directions shall pass each other to the right, each giving to the other one-half of the road as nearly as possible", and providing in subd. (N) that, any person violating any provision of the Article shall be fined not exceeding $100, etc. In view of the fact finding, convicting the defendant of negligence per se, we do not think the court erred in concluding, as a matter of law, that, he was guilty of negligence proximately causing the collision, and in rendering judgment for plaintiff, unless the court's finding of fact also convicted the plaintiff of contributory negligence, proximately causing the collision. But we do not think so. It is obvious, from the court's fact finding heretofore set out, that plaintiff was acquitted of contributory negligence, in that, it was found that, at the time of the collision, he was on the right side of the highway where, under the law, he was required to be; hence, the statement in the court's conclusions of law, "that the collision in question was proximately caused by the negligence of both parties", in so far as it involved the plaintiff, was erroneous, because not based upon any fact, and, further, was in the face of the finding that, at the time of the collision, plaintiff was on his right side of the highway. The rule has been announced in several cases that, a conclusion of law not based upon a finding of fact is erroneous. See Edwards v. Chisholm, Tex.Sup., 6 S.W. 558; West End Town Co. v. Grigg, 93 Tex. 451, 56 S.W. 49; Zachariae v. Swanson, 34 Tex.Civ.App. 1, 77 S.W. 627; Howth v. French Ind. School District, Tex.Civ.App., 115 S.W. 2d 1036, 1039.

In view of what has been said, we overrule all assignments and propositions urged for reversal, and affirm the judgment of the trial court.

Affirmed.