**W H. BETTS, Appellant,**

v.

**TEXAS PACIFIC LAND TRUST et al., Appellees.**

No. 12236.

Court of Civil Appeals of Texas, Austin.

June 4, 1975.

Rehearing Denied July 2, 1975.

W. H. Betts, pro se.

Lon Sailers, Turner, Rodgers, Sailers, Jordan & Calloway, Dallas, for appellee, Texas Pacific Land Trust.

William S. Clarke, Houston, for appellee, Texaco Inc.

SHANNON, Justice.

Appellant, W. H. Betts, appeals from a summary judgment of the district court of Travis County in favor of appellees, Texas Pacific Land Trust and Texaco Inc. The subject of the appeal is 137.91 acres situated in Reeves County. We will affirm the judgment.

Appellant filed suit against the appellees, the Governor of Texas, and the Commissioner of the General Land Office of Texas. In that suit he sought a judgment requiring the Governor and the Commissioner to cancel Patent No. 31, Vol. 73–4, hereafter called "the patent," for 505 acres out of the 640-acre Section 1, Block 53, Twp. 4, Texas and Pacific Railroad Company, issued on August 3, 1939, or a judgment that the said patent be canceled insofar as it covers the west 137.91 acres of the 505-acre tract. Appellees derive their claim of title under the patent. Appellant also sought relief requiring the Commissioner of the General Land Office and the Governor to issue a patent to him, as purchaser under an award made by the School Land Board on May 10, 1944, of the "South one-half of Section 2, Block 53 (T & P.R.R. Co.)," covering 381.81 acres of land, being the 243.90 acres of land out of Section 2, Block 53, not in conflict with a senior survey to the north, together with the 137.91 acres of the 505 acres out of Section 1, Block 53, not in conflict with the senior surveys to the north now covered by the patent in issue.

Appellant's petition also contained a claim in the nature of trespass to try title, averring that on May 10, 1944, appellant was the owner in fee simple of the west 137.91 acres of land out of the 505 acres now covered by the patent, and that appellees ". . . unlawfully entered upon and dispossessed him of the . . . said lands and premises and withheld from him the possession thereof."

The Governor and Commissioner of the General Land Office filed a plea to the jurisdiction upon the basis that appellant had sued the State without legislative permission, and that the district court was without jurisdiction to mandamus them. The court granted the plea to the jurisdiction.

Appellees filed a joint motion for summary judgment. Appellant likewise filed a motion for summary judgment. The district court overruled appellant's motion and granted that of appellees, and entered judgment that appellant take nothing.

Appellant states in his brief that he does not seek any relief against the State by this appeal. Appellant's case on appeal, then, is one in trespass to try title against appellees in which appellant sues for title to and possession of 137.91 acres of land out of Section 1, Block 53, Twp. 4, T & P.R.R. Co. patented on August 3, 1939. Appellant pleaded that his right or title arose wholly out of his "Application and Obligation to Purchase School Land Without Settlement," dated April 29, 1944, and the award to him by the School Land Board on May 10, 1944.

The summary judgment proof established that the 137.91 acres was within the boundaries of Section 1, Block 53, Twp. 4, T & P.R.R. Co., as the same was described in the original field notes on file in the General Land Office, and that the said acreage was within the boundaries of Section 1, Block 53, as described in the corrected field notes thereof filed in the General Land Office on July 5, 1939, and which were contained in the patent dated August 3, 1939. The summary judgment proof also established that appellant's only claim to the acreage arose out of his application to purchase the "South one-half of Section 2, Block 53 (T & P.R.R. Co.)" and the award made by the School Land Board under said application on May 10, 1944.

Appellant recognized and admitted that the patent to Section 1, Block 53, must be canceled, or voided, at least as to the west 137.91 acres of land described in and covered thereby, and that the said patent was issued on August 3, 1939. Appellant recognized further that his application was made on April 29, 1944, and that the award of the School Land Board to him was made on May 10, 1944. The patent, which appellant must set aside, was issued more than four and one-half years prior to the earliest date appellant acquired any legal or equitable claim to the acreage he sought to recover.

One ground urged in appellees' motion for summary judgment and on appeal is that appellant had no standing to attack the patent to Section 1, Block 53.

■ A patent is subject to attack only by the State or by one who holds an interest in the land that is prior to that of the patentee. Miller v. Moss, 65 Tex. 179, 182 (1885); Taylor v. Lewelyn's Heirs, 79 Tex. 96, 14 S.W. 1052 (1890); Dawson v. McLeary, 87 Tex. 524, 29 S.W. 1044 (1895); Dunn v. Wing, 103 Tex. 393, 128 S.W. 108 (1910); Miles v. Watson, 75 S.W.2d 946 (Tex.Civ.App.1934, writ ref'd). An examination of the summary judgment proof shows that appellant's only claim to the acreage at issue arose some four and one-half years subsequent to the date of the issuance of the patent, and as a result, appellant may not attack the patent.

The judgment is affirmed.